*E-filed: November 5, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>   Plaintiff,<br> v.<br><br>ZHIQIANG ZHANG, A/K/A MICHAEL ZHANG, ET AL.,<br><br>   Defendants.<br>_____/ | No. CR10-00827 LHK (HRL)<br><br>**ORDER**<br><br>**[Re: Dkts. 88, 91]** |

   The Government has indicted defendant Michael (Zhiqiang) Zhang for two counts of violating the Economic Espionage Act. One count alleges that Zhang, along with co-defendants Xiaodong Liang and Yanmin Li, conspired to misappropriate trade secrets owned by his former employer, SiRF Technology (now CSR Technology Inc. "CSR"). The other count charges Zhang with possession of stolen trade secrets, specifically, three source code files owned by CSR. Before the Court are two motions for discovery filed by Zhang – one that seeks production pursuant to a subpoena issued to third-party CSR, and one that seeks discovery requested from the government. Zhang contends that CSR controlled the government's investigation and prosecution, and improperly used information obtained by threatening a civil suit, including information from settlement conversations, to aid the prosecution. He also argues that, because CSR essentially served as an agent for the government, CSR has Constitutional obligations toward Defendants with

regard to discovery. Zhang's discovery requests seek support for these contentions. The Court held a hearing on these motions on September 13, 2012.[1]

**A. Zhang's Motion For Release of Documents Lodged with the Court by CSR**

Zhang issued a number of subpoenas to CSR. At issue is CSR's response to the subpoena referred to by Zhang and CSR as Subpoena 4.[2] In response to Subpoena 4, CSR produced no documents to defense counsel, but lodged potentially responsive documents with the Court under seal, claiming attorney-client privilege and protection under the work-product doctrine. Defendants protested that they had no way of even challenging the claims of privilege because they had received absolutely no information from CSR; Defendants also argued that any privilege should yield to their Constitutional right to a fair trial and due process. In response to Defendants' first point, the Court ordered CSR to produce a privilege log of all documents lodged with the Court in response to Subpoena 4. (Dkt. 105) CSR has since provided the privilege log to Defendants and to the Court. The privilege log itself provides Defendants with some of the information they sought, such as the timing of communications between CSR employees.

To Defendants' second point, the Court has conducted a thorough review of all of the documents. It finds that the attorney-client privilege applies to these documents. It further finds that withholding these documents from Defendants does not interfere with their Constitutional rights. Although the Court does not know the full background of the case, it finds no support in the documents for Defendants' theory that CSR became a puppet of the government, used to obtain information otherwise not obtainable through proper channels, or that the government otherwise used CSR improperly to build its case against Defendants. Nor do the documents support Defendants' theory that CSR was in such close cahoots with the government that it should be considered an agent of the government and thus saddled with Constitutional obligations with respect

---

[1] Although the request for the third-party subpoena on CSR was originally requested and issued under seal, counsel for defendants did not object to the presence of the government during the extensive oral arguments over this subpoena, during which defendants explained what they wanted from CSR and why they wanted this information. Accordingly, the Court finds no reason to file this order under seal.

[2] At the September 13 hearing the Court also addressed CSR's production in response to Subpoena 1. In response to Subpoena 1, CSR produced some documents but lodged with the Court three letters that it thought may implicate an attorney-client privilege. The Court performed an *in camera* review of these documents and found that any attorney-client privilege associated with those documents had been waived. The Court then directed CSR to produce these documents to Zhang. (Dkt. 105).

to Defendants. The documents do not reveal the type of chicanery that would compel this Court to override the attorney-client privilege. *C.f. United States v. Nixon,* 418 U.S. 683, 707 (1974) (finding that, under special circumstances, the legitimate needs of the judicial process may outweigh privilege) (cited by Defendants at oral argument).

### B. Zhang's Motion for Discovery and Order to Preserve Documents

In his second motion, Zhang moves the Court for an order requiring the government to produce communications between CSR and the government that concern the investigation or prosecution of Zhang and his codefendants, as well as any notes that were taken during any such communications. The government has responded, both in writing and under questioning at the hearing, that it has already fulfilled its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and that the information Defendants seek either does not exist or is not material to the guilt of Defendants. The government also contends that the work-product doctrine covers much of the requested material.

Based on the written materials submitted by the parties and the arguments made at the hearing, the Court finds that Zhang's requests exceed the scope of the discovery allowed to him under Rule 16 of the Rules of Criminal Procedure. Under Rule 16, a defendant is entitled to items if:

(1) the item is material to preparing the defense;

(2) the government intends to use the item in its case-in-chief at trial; or

(3) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E)(i-iii). In *United States v. Armstrong*, 517 U.S. 456, 462 (1996), the Court clarified that Rule 16 entitles a defendant to discovery related to "shield" defenses, but not to "sword" attacks. *See Armstrong*, 517 U.S. at 462 (finding that in the context of Rule 16, "defense" means the defendant's response to the Government's case in chief, meaning material which would refute the Government's argument that the defendant committed the crime charged; it does not allow discovery for claims "challenging the prosecution's conduct of the case").

Here, Zhang seeks evidence to attack the conduct of the prosecution and third-party CSR. The evidence sought does not bear directly on his guilt or innocence of the claims brought against him – namely, whether he or the other defendants conspired to misappropriate trade secrets or

1  whether they possessed stolen trade secrets. Because the evidence sought does not bear on Zhang's
2  actual guilt of the charged crimes, he is not entitled to it under Rule 16(a)(1)(E)(i). The government
3  states that has already produced, or that it will produce to defendants, the materials it intends to use
4  in its case-in-chief at trial, and that it has satisfied its obligations under *Brady*. So, to the extent that
5  Zhang is entitled to any of this information pursuant to Rule 16(a)(1)(E)(ii), the government has
6  stated that it has provided or will provide the information. The government has also stated that it
7  will preserve any notes taken during communications between the government and CSR. The Court
8  is satisfied with these representations. Accordingly, the Court finds that Zhang is not entitled to any
9  additional information.

## CONCLUSION

For the foregoing reasons, Defendant Zhang's motion for release of documents (Dkt. 88) and Zhang's motion for Discovery and Order to Preserve Documents (Dkt. 91) are DENIED.

**IT IS SO ORDERED.**

Dated: November 5, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**CR 10-00827 LHK (HRL)** Notice will be electronically mailed to:

| | |
|---|---|
| Thomas Nolan | tnolan@nablaw.com |
| Michael Haven | mike.haven@klgates.com |
| Patrick Salceda | patrick.salceda@klgates.com |
| Susan Knight | Susan.Knight@usdoj.gov |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California