MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone: (408) 535-5061
Fax:  (408) 535-5066
E-Mail: susan.Knight@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> ZHIQIANG ZHANG, <br>     a/k/a Michael Zhang, <br>     Defendant. | No.  CR 10-00827 LHK <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Date:   August 14, 2013 <br> Time:   9:30 a.m. <br> Courtroom: No. 8 |

Pursuant to Criminal Local Rule 32-5(b), the United States respectfully submits its sentencing memorandum concerning defendant Zhiqiang Zhang.  The defendant pleaded guilty to one count of Theft of Trade Secrets, in violation of 18 U.S.C. § 1832(a)(2).  The plea agreement also contained a forfeiture provision pursuant to 18 U.S.C. § 1834.  The Court reserved its ruling on accepting the agreement, which was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

The government submits this memorandum in order to discuss the applicable Sentencing Guidelines calculations and to request that the Court accept the disposition outlined in the plea agreement.  A disposition of five years probation with a special condition of six months curfew

**GOV'T SENT. MEMO**
**CR 10-00827 LHK**

represents a small departure from the Guidelines range, and is appropriate in light of the defendant's cooperation with the government and the victim company SiRF/CSR.[1]  In addition, the defendant has paid restitution in the amount of $75,000 to SiRF/CSR.

### BACKGROUND

On April 17, 2013, the defendant pleaded guilty to the sole count of a superseding information charging him with theft of trade secrets.  The offense conduct is accurately described in the presentence report. (PSR at ¶¶ 7 -24).  In the plea agreement, the defendant admitted that he replicated information belonging to SiRF, specifically, the interface contained within the code known as "BTManager.java," to use in developing a product for his company known as Anywhere Logic.  He admitted that he knew that SiRF developed this code in June 2006 to access the SiRF Bluetooth GPS device, as part of related global positioning system location-based services for mobile phones.  He also admitted that he knew that this information was a trade secret in that SiRF took reasonable measures to keep the information secret, and the information derived independent economic value from not being generally known to, and not being readily ascertainable through proper means by, the public.  He agreed that the information related to products that are produced for or placed in interstate or foreign commerce; that his possession and use of the information outside of SiRF would injure SiRF; and that SiRF spent between approximately $70,000 and $120,000 to develop the code.

In addition, the defendant made several other admissions regarding his conduct.  He admitted that in May 2009, he resigned from SiRF to work for Anywhere Logic LLC, a competing company that he established in November 2000 to provide location-based services for mobile phones.  While he was still employed by SiRF and unbeknownst to the company, he began to establish several Anywhere Logic legal entities in the United States and the Peoples Republic of China.  He admitted that he recruited SiRF employees, including Xiadong Liang and Yanmin Li, to work for Anywhere Logic while they were still employed at SiRF, and in approximately 2006, arranged for Anywhere Logic employees to give a presentation to China Mobile regarding

---

[1] In June 2009, SiRF Technology became a subsidiary of Cambridge Silicon Radio ("CSR").

**GOV'T SENT. MEMO**
**CR 10-00827 LHK**                                2

1 Anywhere Logic's product.[2]

2 The defendant admitted that while he was employed at SiRF, he was responsible for developing the SiRFstudio software source code, which was to be used as a platform for location-based services and applications for mobile phones. He worked on this project and managed several engineers until approximately September 2008, when he was reassigned to a different project.

Furthermore, the defendant admitted that from approximately November 2008 to approximately April 2009, he accessed SiRF's Perforce database, which is a password-protected database where SiRF maintains its proprietary information, and downloaded over 100,000 files constituting millions of lines of source code related to SiRFstudio and SiRFLoc. He transferred some of the code to external devices and placed the material on his personal laptop. He admitted that he deleted the files on his personal laptop on July 15, 2009, when he installed a new operating system on the computer called Fedora, which overwrote the information on the hard drive. Finally, the defendant agreed that SiRF spent approximately $7.7 million, excluding sales costs, to develop SiRFstudio source code and its companion source code known was SiRFLoc.

**PLEA AGREEMENT AND SENTENCING GUIDELINES CALCULATION**

The parties entered into a plea agreement that included the following calculations:

| | | | |
|---|---|---|---|
| a. | Base Offense Level:<br>(U.S.S.G. § 2B1.1(a)(2) - Offenses Involving Stolen Property) | | 6 |
| b. | Specific Offense Characteristics:<br>(U.S.S.G. § 2B1.1(b)(1)(E) - Loss More Than $70,000, But Less Than $120,000) | | +8 |
| | Abuse of Trust<br>(U.S.S.G. § 3B1.3) | | +2 |
| c. | Acceptance of Responsibility: | | -3 |
| d. | Adjusted Offense Level: | | 13 |

---

[2] The Government agrees with the Probation Officer's recommendation that, as a condition of probation, the defendant be prohibited from any contact with Mr. Liang and Mr. Li.

**GOV'T SENT. MEMO**
**CR 10-00827 LHK**                   3

In the presentence report, the Probation Officer concurred with the Guidelines calculation in the agreement. (PSR at ¶ 41). In addition, the parties agreed that the defendant's Criminal History Category is Category I, which was confirmed by the Probation Officer in the presentence report. (PSR at ¶ 46). An adjusted offense level of 13, when indexed with Criminal History Category I, yields a range of 12 to 18 months. The Probation Officer has recommended a split sentence of six months imprisonment and six months curfew with electronic monitoring.

## GOVERNMENT'S SENTENCING RECOMMENDATION

### A. The Plea Agreement

The government requests that the Court adopted the probationary disposition contained in the plea agreement, which was the result of settlement conferences with the Honorable Ronald M. Whyte, and extensive negotiations between the government, SiRF/CSR, and the defense. The defendant has paid $75,000 in restitution to SiRF/CSR, and agreed to forfeit several computers and digital media used to facilitate the offense. The Probation Officer has recommended a fine of $20,000, which was not included in the plea agreement. The government stands by its sentencing recommendation of no fine in the binding plea agreement.

### B. Sentencing Considerations

The government submits that the recommended sentence will be sufficient, but not greater than necessary, to address the factors set forth in Section 3553(a). As established in *United States v. Booker*, 543 U.S. 220, 220 (2005), the Sentencing Guidelines are no longer mandatory, only advisory. Nonetheless, sentencing proceedings are to begin by determining the applicable Guideline range. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). In this sense, the guidelines are the "starting point and the initial benchmark," *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)), and "are to be kept in mind throughout the process." *Gall*, 552 U.S. at 50 n.6.

Sentencing courts must consider, in addition to the Guidelines, the factors set forth in 18 U.S.C. § 3553(a). These factors include the need for the sentence to reflect the seriousness of the offense and the history of the defendant, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly

**GOV'T SENT. MEMO**
**CR 10-00827 LHK**                                           4

situated defendants.  Because of that, it is "procedural error" if the district court fails to calculate - or calculates incorrectly - the applicable Guidelines range; treats the guidelines as mandatory instead of advisory; fails to consider the factors in Section 3553(a); chooses a sentence based on clearly erroneous facts; or fails adequately to explain the sentence selected, including any deviation from the Guidelines range.  *See Carty*, 520 F.3d at 993.  To determine the substantive reasonableness of a sentence, courts examine "the totality of circumstances."  *Id*.

**1. Nature and Circumstances of the Offense and History and Characteristics of the Defendant.**

The defendant's conduct was serious and reflects an absolute disregard for SiRF's investment and protection of its intellectual property.  The defendant formed a competing company called Anywhere Logic while still employed at SiRF and unbeknownst to the company, recruited SiRF employees to work for Anywhere Logic while they were still employed at SiRF, established Anywhere Logic entities abroad, and arranged for his employees to give a presentation to China Mobile to promote his competing company's product.  The defendant admitted downloading and transferring SiRF material to his personal laptop, and made a calculated decision to replicate the company's "BTManager.java" code to use in developing an Anywhere Logic product.  His conduct had a severe impact on SiRF, as described in SiRF's victim impact statement to the Court.  SiRF lost significant business opportunities to develop and promote its products, and had to invest significant resources to investigate the defendant and other SiRF personnel.  Moreover, the company's confidential information was provided to individuals overseas, and the devices containing such information have not been recovered.

Nevertheless, balanced against the defendant's actions are several mitigating factors.  He has no criminal history and expressed his remorse for his conduct in a statement to the Probation Officer (PSR at ¶¶ 44, 29-30).  In addition, on three occasions - March 5th, March 14th, and April 2nd - the defendant submitted to lengthy debriefings with the government and SiRF counsel in order to identify individuals who had access to SiRF proprietary information and the location of devices that may contain such information.  The defendant, through his counsel, provided a variety of documents to the government and SiRF counsel, including a disc containing correspondence and documents prepared by the defendant's civil attorney in the civil

**GOV'T SENT. MEMO
CR 10-00827 LHK**  5

negotiations with SiRF (the defendant waived his attorney-client privilege), and Anywhere Logic banking and business records. During the one of the meetings, the defendant admitted that he ceased working on Anywhere Logic projects after he received a cease and desist letter from SiRF and asked his Anywhere Logic employees to cooperate in the civil investigation. The defendant provided information to the government about the role of another individual in Anywhere Logic. The government was previously unaware of the degree of this individual's involvement concerning the funding for Anywhere Logic and presentations that he made to promote Anywhere Logic's product. The defendant, along with his defense counsel, made significant efforts to locate devices in China that contained SiRF's confidential information and communicated their efforts to the government and SiRF counsel.

Given the defendant's cooperation, the government submits that a sentence of five years probation with six months curfew with electronic monitoring, which is a small departure from the Guidelines, is a fair and appropriate sentence.

**CONCLUSION**

In full consideration of the defendant's history and characteristics together with the other goals of sentencing, the government respectfully requests that the Court sentence the defendant in accordance with the plea agreement to five years probation with a special condition of six months curfew with electronic monitoring, and $75,000 in restitution. The Court is required to impose a $100 special assessment.

DATED: 8/8/13                                    Respectfully submitted,

                                                 MELINDA HAAG
                                                 United States Attorney


                                                 _____/s/_____
                                                 SUSAN KNIGHT
                                                 Assistant United States Attorney